## Case No. 9,930.

### MUNROE v. TOWERS.

[2 Cranch, C. C. 187.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

BAIL—PRINCIPAL DISCHARGED IN INSOLVENCY—SCIRE FACIAS.

Bail will not be exonerated upon scire facias, by the discharge of the principal under the insolvent act [2 Stat. 237], unless the discharge was before the appearance-day of the first scire facias returned executed, or of the second returned nihil.

The scire facias, in this cause, was issued on the 15th of September, 1818, returnable to the next November term.

At November term, 1819, Mr. Mason, for defendant, Towers, moved the court to discharge the bail because the principal, McLaughlin, had been discharged under the insolvent act, in Washington, on the appear-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ance-day of the first scire facias, returned executed. That as the defendant was in actual custody in Washington during the whole of that term, and had petitioned for relief under the insolvent act, upon showing that fact the court might have ordered an exoneretur; and the court may now consider that as having been done, which might have been done. The court here would not have ordered the principal to be brought from Washington by habeas corpus to be surrendered here. 1 Bac. Abr. (Am. Ed.) 343. D; Colem. cas. 66; Donnelly v. Dunn, 1 Bos. & P. 450; Robertson v. Patterson, 7 East, 405, 3 J. P. Smith, 556.

Mr. Taylor, contra. The bail should not be discharged, unless they could have surrendered the principal at the time of his discharge under the insolvent act; and the appearance-day of the scire facias was too late. The act of Virginia, of the 12th of December, 1792, § 31, p. 79, is peremptory that the surrender must be before the appearance-day of the first scire facias returned executed, or the second returned nihil. The court would not have entered an exoneretur before the actual discharge of the principal because they could not know that he would be discharged.

THE COURT (MORSELL, Circuit Judge, absent) refused to discharge the bail.